Shaw, C. J.
This action is brought to recover back money alleged to have been paid under compulsion, as a town tax. The objection is, that the plaintiff’s Christian name was not inserted in the valuation, nor in the list and warrant committed to the collector, but only his surname of Tyler.
The question arising from the facts in the case is, whether the plaintiff was rightfully required by the collector to pay the tax, or whether, as a tax unlawfully levied, he was wrongfully required to pay it, and can recover it back in this action.
Whilst, on the one hand, it is important to the security of the *474 citizen, that as much regularity and uniformity as is practicable should be maintained in the system of direct taxation, and many laws directory to the public officers have been framed with a view to the attainment of that object; it is also important that, as far as practicable, all persons liable to taxation should pay their just proportion of the public charges, and not escape by means of slight mistakes or frivolous objections.
One of the statutes, to which we have been referred, is designed to promote this object, by providing that a tax shall not be avoided by an error or mistake in the name, if in fact the party whose name was mistaken be liable to taxation, and was the person intended by the assessors to be taxed. Rev. St. c. 8, <§. 5. The provision is this: “ If, in the assessors’ lists, or in their warrant and list committed to the collectors, there shall be any error in the name of any person taxed, the tax assessed to him may, notwithstanding such error, be collected of the person intended to be taxed, provided he is taxable, and can be identified by the assessors.”
The only question then is, whether this clause was intended to apply to a case where the error in the name exists as well in the valuation as in the assessors’ warrant to the collector.
It was argued, that all which was intended is, that when the name is right in the valuation, but erroneously transcribed into the warrant, the tax shall not be avoided, as the warrant can be corrected by the valuation. But we think the statute was ‘ntended to go much farther, and to provide for a mistake in both. The words “ assessors’ lists,” in this clause, stand for the valuation, and “ their warrant and list ” are described as that which is “ committed to the collectors.” The statute is plain and explicit, and covers all cases of error in the name, and was intended, we think, to apply to a case where the name is mistaken by omitting, as well as by adding or by misnaming. The only things required are, that the person shall be liable to taxation, and be in fact the person intended to be taxed under such designation. (See commissioners’ note, cited by the defendants’ counsel.) These facts must of necessity be proved by evidence aliunde. The fact of the identity of the party, and *475 the intention of the assessors, must in general be proved by them.
Such seems to us to be the true construction of the statute; and though it may sometimes lead to consequences, operating hardly upon individuals, it will be attended practically with little danger, and with less evil than the escape of persons from paying a just share of the tax, on account of formal errors and mistakes. It is not to be overlooked that such errors will, in most cases, arise from the default of the tax-paying inhabitant himself, who fails to perform the duty, required by law, of giving in his name and list to the assessors.
Upon this view of the statute, the court are of opinion, that the evidence should have been received, and that notwithstanding the alleged error in not inserting the plaintiff’s Christian name, he was liable to the tax, and compellable to pay it, if the facts were proved, the evidence of which was offered; and therefore that the verdict must be set aside, and a new trial had.